Caruthers, J.,
delivered the opinion of the Court.
The case agreed raises the question whether the order of the County Court of Giles, levying a tax of ¡f 50 on the privilege of keeping a tippling house, for the railroad subscription, was legal. The Circuit Judge thought it was, and Byrd appealed.
It is admitted that this occupation and pursuit is a privilege, and that it can be taxed as such; nor do we understand it to be contended that the amount of the tax levied is obnoxious to objection; but it is insisted that the principle on which the Court acted is in contravention of the acts of Assembly on the subject.
The power to levy a tax to meet railroad subscriptions is derived from the act of 1851-2, ch. 117, sec. 5. That makes it the duty of the County Court, where such stock is taken, to provide for its payment, by levying a tax “ upon the taxable property, privileges, and persons by law liable to taxation within the county; which tax shall le levied and paid upon the principle of levying the State and county tax.” This last clause, it is contended, is violated in this case, because the principle adopted is not that established by law for State ■ and county purposes on this particular privilege.
As to the tax on the privilege of tippling, the act of 1846, ch. 90, provides that a tax of $25 shall be paid to the State, and to the county and corporation each the same amount, or not exceeding that amount, where the “amount” of liquors on hand does not exceed $250 — as to which an affidavit shall be made before the clerk issuing the license. But if the “amount” exceeds the said sum of $250, then an additional tax of $10 on each $100 of excess in value shall be paid. The argument is, that this last provision is not adopted in the present case, and, therefore, the principle of levying State and county taxes upon this privilege is departed from. We can not see it in that light.
The restriction in the act of 1851-2 to the principle of State and county taxation, has no reference to a question like *479 this. It is only intended to forbid a departure from tbe principle that all property should be taxed according to value, and no one species of property higher than another, nor that any distinction should be made on account of the particular use that might be made of the property, unless a privilege was exercised in connection with it. But it was not intended, because the State tax was to be elevated above the specific amount of $25, fixed for the privilege, on certain contingencies, that the Court should pursue the same rule in this particular tax. That was left to the discretion of the County Courts.
The Court was content with fixing the amount at $50, without any enlargement on account of the increased quantity of liquor that might be on hand. It could not be argued, and it is not, that this tax must not exceed the State or county tax. That would defeat the object in view. It might require a tax for double that amount upon property, persons, and privileges, dependent upon the amount needed to meet the subscription.
The judgment will be affirmed.